FCastro.mtn

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334/7215

Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM
APR 11 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FRANKIE BLAS CASTRO, ) <br> ) <br> Defendant. ) <br> _____ ) | CRIMINAL CASE NO. 05-00044 <br><br> **GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO PRESENTENCE REPORT** |

Defendant has filed an objection to the Guidelines calculation of the U.S. Probation Office concerning Count I, possession of firearms by a drug user, in violation of Title 18, United States Code, § 922(g)(3). Defendant pled guilty to possession of three firearms which were found in a plastic rifle case behind the headboard of his bed, in the master bedroom which he shared with Nancy Castro. The two shotguns in the case were registered to him; the Cobray pistol was registered to his wife. All three weapons had trigger locks. The ice which defendant was trafficking, and the drug records concerning his dealing, were stored in the same bedroom. Defendant had been dealing drugs from his residence.

The presentence report increased the Guidelines calculation by two levels pursuant to USSG 2D1.1(b)(1), because defendant possessed a dangerous weapon. The Commentary, Application Note 3, remarks that this enhancement for weapons possession "reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected

with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet." The government believes this two-level enhancement is appropriate.

It is not necessary that the weapons be in close proximity to the crime of conviction. In United States v. Stewart, 926 F.2d 899 (9th Cir. 1991), for example, the court upheld the district court's finding that defendant possessed a firearm during the commission of a narcotics offense, though the gun was in his residence, 15 miles away from where the drugs had been distributed. The court emphasized that the test is whether the gun was possessed during the entire course of criminal conduct, not just the offense of conviction. Stewart held the district court had not clearly erred in concluding "that in fact [the guns] were not used in connection with the drug distribution and manufacture and sale." Id. at 902.

The court need not find a connection between the firearm and the offense. "If it finds that the defendant possessed the weapon during the commission of the offense, the enhancement is appropriate." United States v. Diego Restrepo, 884 F.2d 1294, 1296 (9th Cir. 1989). The application of this enhancement has been upheld even when the defendant possessed a firearm in his residence, though the drug delivery did not occur there. United States v. Pitts, 6 F.3d 1366, 1373 (9th Cir. 1993).

Whether the firearm is unloaded is not a factor. In United States v. Lopez-Sandoval, 146 F.3d 712 (9th Cir. 1998), the defendants had sold drugs on several occasions to undercover officers, and were subsequently arrested at their homes. A .22 handgun and a 7 mm magnum rifle were found at Lopez-Sandoval's home; the handgun was under the mattress with a box of ammunition. The co-defendant Gonzalez had two handguns in his residence as well. The court upheld the district court's ruling that the defendants had been in possession of these weapons during the course of their criminal conduct, and that it was not clearly improbable that the weapons were connected to the offense, even though they were unloaded, because they could be readily converted "to expel a projectile" simply by loading them. Id. at 716. It emphasized that

the nature of the firearms was important. The Guidelines Commentary used the example of a hunting rifle as one possible exception to this enhancement. But handguns are not hunting rifles. "A handgun, such as a .25 caliber semi-automatic revolved, is designed to be used to threaten, injure or kill human beings; it is not ordinarily used to hunt game. United States v. Heldberg, 907 F.2d 91, 93 (9th Cir. 1990).

The fact that these weapons were found in the same residence from which defendant was dealing ice, and indeed in the same room, and that one was a semi-automatic pistol, supports this enhancement. United States v. Kyllo, 37 F.3d 526 (9th Cir. 1994).

RESPECTFULLY SUBMITTED this __11th__ day of April, 2006.

LEONARDO M. RAPADAS  
United States Attorney  
Districts of Guam and the CNMI

By: *Karon V. Johnson*  
KARON V. JOHNSON  
Assistant U.S. Attorney